**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ARNULFO HERNANDEZ-MOLINA,** | § | |
| **Reg. No. 33673-180,** | § | |
| **Movant,** | § | |
| | § | **EP-08-CA-0484-KC** |
| **v.** | § | **EP-06-CR-1012-KC** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION ACCEPTING THE REPORT**
**AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Movant Arnulfo Hernandez-Molina's ("Hernandez") *pro se* motion

under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence [ECF No. 130].[1]  In his motion,

Hernandez challenges his convictions for conspiring to import five kilograms or more of cocaine

and illegally reentering the United States after his removal.  Adhering to the principle that *pro se*

pleadings are construed liberally,[2] the Court understands Hernandez to contend that (1) his

appointed attorney unlawfully induced his guilty pleas, (2) the Government wrongfully entrapped

him, (3) the prosecutor failed to disclose exculpatory evidence, and (4) his counsel provided

ineffective assistance due to a conflict of interest.  In its response [ECF No. 134], the Government

asserts that Hernandez's claims are without merit.

Also before the Court is the report and recommendation of the Magistrate Judge [Docket

No. 142].[3]  In the report, the Magistrate Judge recommends that the Court deny Hernandez's

---

[1] "Docket" in this context refers to the criminal docket in cause number EP-06-CR-1012-KC.

[2] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[3] *See* 28 U.S.C.A § 636(b)(1)(B) (West 2011) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation); 28 U.S.C.A. § 2255 PROC. R. 8(b) (West 2011) ("A judge may, under 28 U.S.C.

motion. He reasons the Court fully advised Hernandez of his rights, his potential sentence, and the contents of his plea agreement during the plea colloquy.[4] Moreover, Hernandez indicated under oath that he was freely and voluntarily entering his pleas.[5] He explains "solemn declarations under oath carry a strong presumption of truthfulness. Allegations in a section 2255 motion which contradict prior sworn testimony should be considered charily."[6] He adds the record contains "no evidence that Movant's plea was involuntary."[7] Thus, he concludes that Hernandez "has failed to prove the plea process cannot be trusted."[8] The Magistrate Judge notes that Hernandez claims his co-defendants, not the Government, caused his arrest.[9] "Nowhere does Movant allege facts that demonstrate any [G]overnment involvement or inducement."[10] He further notes that Hernandez does not support his allegation that the prosecutor did not disclose exculpatory information with factual allegations or details.[11] He also notes that Hernandez does not "identify the actual conflict, the nature of the conflicting interests, or how he was adversely affected by [the] alleged conflict."[12]

---

§ 636(b), refer the motion to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition.").

[4] Report and Recommendation 7.

[5] *Id.*

[6] *Id.* at 4 (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

[7] *Id*. at 7.

[8] *Id.* at 4 (citing *Hill v. Lockhart*, 474 U.S. 52, 69 (1985)).

[9] *Id.* at 10.

[10] *Id.*

[11] *Id.* at 9.

[12] *Id*. at ll.

Accordingly, the Magistrate Judge finds that Hernandez's conclusory allegations, unsupported by any evidence, should be denied.[13]

The Magistrate Judge gave Hernandez fourteen days to file written objections to the proposed findings, conclusions, and recommendations.[14] A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.[15] As to the other portions of the report, or if a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[16] After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[17] Hernandez has not submitted objections to the report.[18]

---

[13] *Id.* at 8-11 (citing *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990)).

[14] *See* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[15] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[16] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

[17] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[18] *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if objections are not raised in

Accordingly, after examining the report, the Court finds the Magistrate Judge's proposed findings of fact and conclusions of law are neither clearly erroneous nor contrary to law.[19] Therefore, the Court will accept the report. Additionally, the Court will deny Hernandez a certificate of appealability.

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[20] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[21] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[22] Although Hernandez has not yet filed a notice of appeal, this Court nonetheless must address whether he is entitled to a certificate of appealability.[23]

A certificate of appealability "may issue . . . only if the applicant has made a substantial

_____

writing by the aggrieved party . . . after being served with a copy of the magistrate's report.").

[19] *Wilson*, 864 F.2d at 1221.

[20] 28 U.S.C.A. § 2253(c)(1)(B) (West 2011).

[21] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[22] *See* 28 U.S.C.A. § 2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *see also Lackey*, 116 F.3d at 151 (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *but see United States v. Kimler*, 150 F.3d 429, 431 & n.1 (5th Cir. 1998) (explaining that the Fifth Circuit may address an issue not certified by the district court if the movant makes (1) an explicit request and (2) a substantial showing of the denial of a constitutional right).

[23] *See* 28 U.S.C.A. § 2255 PROC. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

showing of the denial of a constitutional right."[24]  In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[25]  To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[26]  Here, Hernandez's motion fails because he has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court finds that it should deny Hernandez a certificate of appealability.

Therefore, after due consideration, the Court enters the following orders:

1.      The Court **ACCEPTS** the Magistrate Judge's report and recommendation [ECF No. 142].

2.      The Court **DENIES** Movant Arnulfo Hernandez-Molina's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence [ECF No. 130].

3.      The Court **DISMISSES WITH PREJUDICE** Movant Arnulfo Hernandez-Molina's civil cause.

---

[24] 28 U.S.C.A. § 2253(c)(2).

[25] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[26] *Slack*, 529 U.S. at 484.

4.      The Court **DENIES** Movant Arnulfo Hernandez-Molina a **CERTIFICATE OF APPEALABILITY**.

5.      The Court **DENIES** all pending motions.

**SIGNED** on this **19th day of May, 2011.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE